IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANNY MCCOY,

    Plaintiff,

   v.

IAN WONG,

    Defendant.

_____/

No. C-10-2136 TEH (PR)

ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

    Plaintiff, an inmate presently incarcerated at the Metropolitan Detention Center in Los Angeles, California, has filed a pro se Complaint under 42 U.S.C. § 1983 alleging that El Cerrito Police Officer Ian Wong unlawfully detained Plaintiff and falsified a police report, thereby violating Plaintiff's constitutional rights. Plaintiff seeks damages. Doc. #1.

I

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II

To recover damages for an allegedly unconstitutional conviction or prison sentence, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a 42 U.S.C. § 1983 action must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id. at 487.

The rationale of Heck applies only if there is an existing conviction, however. Wallace v Kato, 549 U.S. 384, 393-94 (2007).

2

The contention that "an action which would impugn <u>an anticipated future conviction</u> cannot be brought until that conviction occurs and is set aside" goes "well beyond <u>Heck</u>." <u>Id.</u> at 393 (emphasis in original). Nonetheless, if a plaintiff files a 42 U.S.C. § 1983 claim "related to rulings that likely will be made in a pending or anticipated criminal trial[], it is within the power, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." <u>Id.</u> at 393-94.

  A review of the court docket shows that criminal proceedings against Plaintiff are pending in this Court. <u>See</u> <u>United States of America v. McCoy</u>, No. 09-cr-00337-CW (N.D. Cal. filed April 1, 2009). Accordingly, a stay of these proceedings under the rationale of <u>Wallace</u> is in order here. If Plaintiff is later convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> will require dismissal; otherwise, the case may proceed. <u>Wallace</u>, 549 U.S. at 394.

//
//
//
//
//
//
//
//
//
//
//

3

## III

Good cause appearing, the instant proceedings are STAYED and the case is ADMINISTRATIVELY CLOSED. Nothing further will take place in this matter until the criminal proceedings against Plaintiff come to an end, and, within thirty (30) days thereafter, Plaintiff moves to reopen the case, lift the Court's stay and amend the stayed Complaint.

IT IS SO ORDERED.

DATED   08/13/10

**THELTON E. HENDERSON**
**United States District Judge**

G:\PRO-SE\TEH\CR.10\McCoy-10-2136-stay-ac-wallace v. kato.wpd

4